HARVEY PREBLE *versus* RINALDO BROWN & *als.*

The right to take fish, in the tide waters of the Kennebec river, is a public and common right; and no one can maintain an exclusive privilege to any part of such waters, unless he has acquired it by grant or by prescription.

REPORTED by TENNEY, C. J.

This was an ACTION ON THE CASE, for an injury alleged to have been done by the defendants to the plaintiff's fishing, by the erection of a weir. The action was commenced on August 3, 1857.

. It appeared in evidence, that all the records of the Kennebec Proprietors were placed in the hands of Ruel Williams, when they closed, in 1816, and that the deed of the right to Kennebec river was dated January 15, 1668.

The plaintiff put in a lease from M. S. Hagar to him, dated May 8, 1857, under which he claimed an exclusive right; also sundry deeds, by which said Hagar derived the right.

The plaintiff introduced testimony tending to show that, in the year 1812, he first erected his weir, and was employed in taking fish that year, during the fishing season. In 1836, again erected a weir, which he continued to use for seven or eight years in taking fish.

In 1855 and 1856, built his weirs and took fish without interference on the part of any one. The third season, defendants built their weir. Plaintiff forbade them. They placed their weir about fifty rods below plaintiff's. That thereby the plaintiff was injured.

After all the evidence had been introduced, for the purpose of presenting the questions of law, arising in this case, to the full Court, the Chief Justice ordered that the plaintiff become nonsuit; which was to be stricken off, and the action to stand for trial, if the plaintiff could maintain it, upon the evidence presented, which was fully reported.

[No written argument or brief of plaintiff's counsel is found with the papers in the case.]

*Gilbert,* for defendants.

The right of fishing in tide waters is a common right. 3 Kent's Com., 413; Angell on Tide Waters, 21, 22, and also, 124 to 140; *Coolidge* v. *Williams,* 4 Mass., 140; *Parker* v. *Cutler Mill Dam Co.,* 20 Maine, 353; *Moulton* v. *Libbey,* 37 Maine, 472.; *Webster* v. *Sampson,* 8 Cush., 347.

Plaintiff has, and can have, no right of several fishery by grant from the crown. 2 Bl. Com., 39; Angell on Tide Waters, 23 to 26, and 142 to 144.

Nor by Colonial Ordinance of 1641; nor by prescription. *Frearey* v. *Cooke,* 14 Mass., 488; Angell on Tide Waters, 135; *Moulton* v. *Libbey,* cited above, which is decisive of this case.

The opinion of the Court was drawn up by

RICE, J.—This is an action of case for an alleged injury to the plaintiff's fishery, which is located in the Kennebec river, on what is denominated the "middle ground," opposite the farm of the plaintiff in Bowdoinham. There are two channels of the river, one on each side of this middle ground. At high water the ground is covered by the tide, but at low water it is uncovered and exposed. On this ground the plaintiff has erected his weirs for taking fish. Below this locus claimed by the plaintiff, and at a place below low water mark, the defendants have also erected weirs for taking fish, and the complaint is, that by reason of these weirs thus erected by the defendants, the fish, which otherwise would find their way into the weirs of the plaintiff, are either taken or diverted from them.

The right claimed by the plaintiff is that of a several fishery. He derives this right by virtue of a license from Marshall S. Hagar, who claims through sundry deeds from the Proprietors of the Kennebec Purchase. None of these deeds have been put into our possession, nor are we informed upon what provision therein the plaintiff relies. There is no evidence in the case which would authorize the inference that the right claimed had been acquired by prescription.

A several fishery is an exclusive one. No other person can lawfully fish within its bounds.

By the common law of England, all the subjects of the king have a common and general right of fishing in the sea, and in all bays, coves, branches and arms of the sea, which in general is held to extend to all places where the tide ebbs and flows. *Weston* v. *Sampson,* 8 Cush., 347; *Moulton* v. *Libbey,* 37 Maine, 472.

The right of fishing in the sea, and in the bays and arms of the sea, and in navigable and tide waters, under the free masculine genius of the English common law, is a right public and common to every person; and if any individual will appropriate an, exclusive privilege in navigable waters and arms of the sea, he must show it strictly by grant or prescription. 3 Kent's Com., 413. No such grant nor prescription is shown in this case.

The rights of the public to take fish in navigable waters as well between high and low water mark as in the deeper waters of the sea, have been so recently discussed in this State, in the case of *Moulton* v. *Libbey,* and in Massachusetts, in the case of *Weston* v. *Sampson,* cited above, in both of which the authorities were elaborately examined, that we deem it unnecessary further to extend this examination. The principles settled in those cases are decisive in this case. The rights of the parties to fish in the tide waters of the Kennebec, so far as these rights are disclosed to us by the case, are equal. The fish while floating in the tide waters are the property of the public. They become the private property of the party who first takes them from the water and appropriates them to his own use.       *The nonsuit must stand.*

TENNEY, C. J., and APPLETON, CUTTING, MAY and GOODENOW, JJ., concurred.